# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0118-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

EMILIO J. ROMAN,

     Defendant-Appellant.

_____

     Submitted November 14, 2019 – Decided November 22, 2019

     Before Judges Haas and Mayer.

     On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 11-12-2898.

     Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

     Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Jason Magid, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from a July 18, 2018 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

In December 2011, defendant was charged with second-degree sexual assault, N.J.S.A. 2C:14-2(c)(4); third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a); second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(b)(3); second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(b)(5)(a); fourth-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(b)(5)(b); second-degree attempted aggravated assault, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:14-2(a)(1); and second-degree luring, N.J.S.A. 2C:13-6. The charges involved multiple minor victims.

Defendant pleaded guilty to two counts of third-degree endangering the welfare of a child. On January 11, 2013, he was sentenced in accordance with a plea agreement to concurrent four-year terms with a two year period of parole ineligibility. The sentencing judge advised defendant that he would be subject to Megan's Law and Parole Supervision for Life (PSL).

In August 2017, defendant filed a pro se PCR petition. PCR counsel filed a brief on behalf of defendant, arguing defendant's trial attorney failed to advise defendant adequately regarding the ramifications of PSL. Defendant contends he was not made aware that he could be incarcerated for non-criminal offenses.

In a detailed and well-reasoned oral opinion on July 13, 2018, Judge John Thomas Kelley denied defendant's petition.

Defendant raises the following argument:

> MR. ROMAN IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO INFORM HIM ADEQUATELY OF THE REQUIREMENTS AND CONSEQUENCES OF PAROLE SUPERVISION FOR LIFE SUCH THAT HE DID NOT UNDERSTAND THAT HE COULD BE INCARCERATED FOR A NON-CRIMINAL OFFENSE.

We are satisfied the record contains overwhelming evidence that defendant was advised of the consequences of his guilty plea, including PSL. Defendant circled "Yes" in response to Question 4(b)(4) of the supplemental plea form, which addressed PSL and advised he could be incarcerated if he violated a condition of PSL. In addition, the plea forms were signed by defendant, acknowledging he understood the terms of the plea. Further, during the plea hearing on November 14, 2012, the judge asked if defendant reviewed the specific conditions of the plea, including "community supervision for life," and defendant responded that he reviewed and understood the plea forms and the conditions contained in the plea forms.

Based on our review of the record, we discern no error in the PCR judge's decision that an evidentiary hearing was not required.  See R. 3:22-10(b).  We affirm substantially for the reasons stated by Judge John Thomas Kelley in his July 13, 2018 oral decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4

A-0118-18T4